NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL STEPHEN LEVINSON, pro se, | No. 12-15935 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00231-NVW |
| v. | MEMORANDUM* |
| KELLY MCCULLOUGH, Manager PBS TV Channel 8, Phoenix; et al., | |
| Defendants - Appellees, | |
| and | |
| UNITED STATES OF AMERICA, | |
| Intervenor. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and BEA, Circuit Judges, and RESTANI, Judge.[**]

Michael S. Levinson appeals the district's *sua sponte* order dismissing his complaint for lack of jurisdiction. Levinson is a presidential candidate. He filed this pro se action in district court, asking the court to declare the Federal Communications Act of 1934, 47 U.S.C. §§ 154(i), 315(d), unconstitutional to the extent it exempts public broadcasters from the requirements of 47 U.S.C. § 312(a)(7) that legally qualified candidates be given "reasonable access" to air time. He also sought an order from the district court compelling the Federal Communications Commission ("FCC") to order the television stations to cease broadcasting until they granted him air time pursuant to 47 U.S.C. § 315. Levinson does not allege that any of the stations excluded him because of his viewpoint.

The district court held that because "the FCC has exclusive jurisdiction over complaints that a broadcaster has violated 47 U.S.C. § 315," Levinson must exhaust his complaint with the FCC rather than filing suit in district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The district court is correct.

---

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Congress has vested the FCC with authority to enforce and interpret the Federal Communications Act, including the "reasonable access" and "equal opportunity" provisions. See 47 U.S.C. §§ 154(i), 312(a)(7). A candidate who believes that a station has failed to provide him equal time as required under the law must begin by filing a complaint with the FCC. 47 C.F.R. § 1.41; see The Law of Political Broadcasting and Cablecasting ("Political Primer"), 100 F.C.C.2d 1476, 1478 (1984) (explaining how to file such a complaint).

A person who loses at the FCC must then file a petition for reconsideration with the FCC to give it the opportunity to address any issues the complainant wishes to raise on appeal. 47 U.S.C. § 405(a). After the FCC denies the motion for reconsideration, a complainant may then seek review directly in the court of appeals, not in the district court. 47 U.S.C. § 402(a) and 28 U.S.C. § 2342 (the Hobbs Act).

Levinson is well aware of this procedure, having followed it in the past. *See, e.g., In Re Complaint of Michael Stephen Levinson*, 9 F.C.C.R. 3018 (1994); *In re Complaint of Michael Stephen Levinson Against Television Station Licensees*, 87 F.C.C. 2d 433 (1980). Levinson also knows he must first exhaust his complaint before the FCC, and that if he chooses to file a complaint directly in district court first, it will be dismissed. *See Levinson v. F.C.C.*, 1995 WL 224851 (D.C.

3

Cir.1995), *cert denied*, 516 U.S. 1011 (1995); *Levinson v. F.C.C.*, 976 F.2d 46 (Table) (D.C. Cir. 1992).

Levinson argues it would have been futile for him to file a complaint in the FCC first because he has lost there in the past, and thus this requirement should be excused. "Futility" is not shown where, as here, a claim is likely to be denied on the merits because the plaintiff does not meet the legal requirements of the claim. Otherwise, a claimant who repeatedly filed a complaint after losing, or after the statute of limitations had run, etc., could simply claim that he should be able to file in court regardless of any legal bar to his claim.

*Arkansas Educ. TV Comm'n v. Forbes*, 523 U.S. 666 (1998), cited by Levinson, does not address the jurisdiction of a district court, nor does it deal with the requirement that a claimant must first file a complaint in the FCC. Thus, it is inapposite to this case.

**AFFIRMED.**